1

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

3   HEATHER ATWELL, an individual and          )   Case No. 2:15-cv-02122-RFB-PAL
    citizen of Nevada, HEATHER ATWELL as       )
4   trustee of ATWELL FAMILY TRUST, a          )
    Nevada trust, HEATHER ATWELL as            )
5   Administrator of the Estate of David Atwell,)
    and RESORT PROPERTIES OF                   )
6   AMERICA, INC., a Nevada                    )
    corporation,                               )
7                                              )
                      Plaintiffs,              )
8   v.                                         )
                                               )
9   WESTGATE RESORTS, INC.,  a                 )   **STIPULATED PROTECTIVE ORDER**
    Florida corporation, WESTGATE              )   **REGARDING CONFIDENTIAL**
10  RESORTS LTD., a Florida limited            )   **INFORMATION AND INADVERTENT**
    partnership, CENTRAL FLORIDA               )   **DISCLOSURE**
11  INVESTMENTS, INC. a Florida                )
    corporation, WESTGATE LAS VEGAS            )
12  RESORT, LLC, a Delaware limited liability  )
    company, DOES 1-10; and ROE ENTITIES       )
13  11-20.                                     )
                      Defendants

14

15          Plaintiffs, Resort Properties of America, Inc., Heather Atwell, individually;

16  Heather Atwell, as Trustee of Atwell Family Trust, a Nevada trust; and Heather Atwell,

17  as administrator of the Estate of David Atwell ("Plaintiffs), and Defendants, Westgate

18  Resorts, Inc., Westgate Resorts Ltd., Central Florida Investments, Inc., and Westgate Las

19  Vegas Resort, LLC ("Defendants"), anticipate producing documents in discovery

20  containing confidential information and, to protect such confidentiality concerns,

21  Plaintiffs and Defendants (collectively, the "Parties"), have agreed to the terms of this

22  Stipulated Protective Order Regarding Confidential Information and Inadvertent

23

24

Disclosure (hereinafter "Protective Order") by and through their undersigned counsel.

Accordingly, the Court ORDERS that:

**A.    TREATMENT OF INADVERTENTLY DISCLOSED CONFIDENTIAL MATERIAL**

1.    If any material protected by the attorney-client privilege or work-product doctrine or confidential material is disclosed through inadvertence or otherwise to any person not authorized under this Protective Order, the party causing the disclosure ("Requesting Party") must inform the person receiving such material ("Receiving Party") that the information is covered by this Protective Order and make its best efforts to retrieve such material.

2.    Notwithstanding the above, the Receiving Party has no confidentiality obligations with respect to any information that:

    a)  is already known to the Receiving Party without restriction;

    b)  is or becomes publicly known otherwise than by the Requesting Party's breach of this Protective Order;

    c)  is received by the Receiving Party without restriction from a third-party who is not under an obligation of confidentiality;

    d)  is independently developed by the Receiving Party;

    e)  is approved for release by written authorization of the Producing Party; or

    f)  is disclosed by the Receiving Party pursuant to judicial action, provided that Producing Party is notified at the time such action is initiated.

3.    Any material protected by the attorney-client privilege or work-product doctrine or confidential material disclosed by the Producing Party to the Receiving Party pursuant to this Protective Order is and remains the property of the Producing Property.

4.    If a party contends that it has inadvertently disclosed or produced material that it alleges is protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection provided under applicable law, or is otherwise immune

to discovery (the "Subject Material")[1], then the party shall immediately notify the party receiving the Subject Material in writing upon its discovery of the inadvertent disclosure or production.   Inadvertent disclosure or production may be waived if notification pursuant to this agreement does not occur within a reasonable time.   Additionally, it is agreed that either party may challenge the other party's claim to inadvertent disclosure as having been waived and such waiver may be analyzed under applicable law.

5.     Upon receiving notification of the inadvertent disclosure of the Subject Material, and in no event later than three (3) business days, the party receiving the Subject Material shall immediately return, sequester, or destroy any and all copies of the Subject Material identified in the notice, and may not use, produce or disclose to other persons or non-parties the Subject Material until the claim of privilege or protection is resolved.   If the party receiving the Subject Material produces, discloses or uses the Subject Material before being notified of its alleged privileged or protected nature, then it shall take reasonable measures necessary to retrieve it and preclude its further use.   Upon request, the party receiving the Subject Material shall certify, in writing, that it has complied with the terms and conditions of this Section; however, the party receiving the Subject Material shall not waive or prejudice any right it may have to challenge the alleged privileged or protected nature of the Subject Material, nor shall it waive or prejudice any right it may have to challenge or contest the other party's claim of inadvertent production or disclosure.   If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the production or disclosure of the Subject Material, then the party receiving the Subject Material may file a motion with the Court under seal for a determination of the claim, and the producing or disclosing party shall preserve the Subject Material until the claim is resolved.

---

[1] Subject Material is defined as the material which has been inadvertently disclosed.

6.     If a party believes in good faith that material received from another party or person or non-party is potentially covered by the attorney-client privilege, the work product doctrine, or any other privilege or protection provided under applicable law, then the party shall notify the other party or person or non-party in writing within a reasonable time that it has possession of the material in question.  If, in response to this notification, the party asserts that the material is or may be privileged or protected under applicable law, then the parties shall comply with the process set forth in this agreement.

**B.     TREATMENT OF CONFIDENTIAL MATERIAL**

1.     This Order applies to all documents, transcripts of testimony, discovery responses, and other materials produced or exchanged by a Party to this action ("Producing Party") to another Party to this action ("Receiving Party").

2.     This Order shall bind the Parties, their attorneys, employees, independent contractors, divisions, subsidiaries, successors, assigns, and any other person or organization over whom a Party has control.

3.     A Producing Party may designate a document confidential if the Producing Party believes in good faith, after a reasonable review of the document, that the document contains information protected from disclosure by any state or federal statute; is of a private, personal, financial or medical nature; is a trade secret; is a personnel record of their employees; is proprietary data and/or marketing information; or is otherwise competitively sensitive commercial information that is not publicly available.

4.     The word "document" or "documents" as used herein means all paper and any other tangible thing, including, but not limited to, electronic files, produced in response to a formal or informal discovery request herein.

5.      A Producing Party shall designate a document confidential by affixing the word "CONFIDENTIAL" on the document in a conspicuous size and location but without interfering with the legibility of the document. A Producing Party shall also affix the word "CONFIDENTIAL" to all copies, excerpts, summaries, or descriptions of any document designated confidential.  The designation of any document as confidential shall be made before the document is produced to the Receiving Party.

6.      A Receiving Party shall not disclose documents designated by the Producing Party as confidential to any person or entity other than:

      a.  a Party;

      b.  counsel for a Party;

      c.  employees of counsel for a Party who have direct responsibility for assisting counsel in the preparation and trial of this lawsuit;

      d.  expert witnesses and consultants retained by a Party to assist in the preparation and trial of this lawsuit;

      e.  non-party witnesses and deponents in this lawsuit, but only as necessary for the preparation and trial of this lawsuit, provided that such persons are first given a copy of this Protective Order and advised of the obligation to maintain the confidentiality of the information;

      f.  any mediator hired or appointed to mediate this lawsuit, and any employees of such mediator actively assisting the mediator with the mediation;

      g.  employees of any copying or document imaging company used by counsel for a Party in the preparation and trial of this lawsuit;

      h.     any other person by the parties' mutual written agreement or order of the Court after notice to all parties. Any such person who is given access to protected information shall be given a copy of this Protective Order and advised of the obligation to maintain the confidentiality of the information;

      i.     to persons with prior knowledge of the documents or the confidential information contained therein, and their agents;

      j.     to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

k.      to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; and

l.   this Court and any Court personnel (including the court having jurisdiction over any appeal from this lawsuit); provided, however, that any document filed in this lawsuit by a Receiving Party that incorporates, attaches, or appends a document designated confidential by a Producing Party shall be filed under seal consistent with the Local Civil Rules of this Court.

**Any such person who is given access to protected information, except those designated under Paragraph 6(a), (b), (c) or (l), shall sign a copy of Exhibit 1, "Endorsement of Stipulation and Protective Order."**

7.      A document designated confidential by a Party shall not be used, disclosed, or copied by any person for any purpose other than the preparation and trial of this lawsuit and the preparation of any appellate proceeding related to this lawsuit.

8.      A Receiving Party and their counsel/representatives may not use Confidential Information that is disclosed or produced by another Party or by a non-party in connection with this case for any commercial or business purpose.

9.       Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the attention of the other party in writing ("Notice"), and the parties shall meet and confer to resolve the issue in good faith within ten (10) calendar days after receipt of the Notice.  In the event the parties are not able to resolve the issue without court intervention within ten (10) calendar days after receipt of the Notice, the

party opposing use of confidential information at a hearing or trial shall bring the issue to the Court's attention by motion or in a pretrial memorandum without any party disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10. The provisions of this Protective Order shall not determine whether and to what extent any document or information is admissible into evidence.

**C. GENERAL PROVISIONS**

11. This Protective Order terminates and supersedes all prior understandings or agreements on the subject matter hereof.

12. This Protective Order is binding on the parties to the Protective Order when signed regardless of whether or when the court enters its Order on it.

13. Nothing in this Protective Order prevents any party from applying to the Court for a modification of this Protective Order should the moving party believe the Protective Order, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the Court for further or additional protective agreements; or from an agreement between the parties to any modification of this Protective Order, subject to the approval of the Court.

14. This Protective Order shall survive the final termination of this action regarding any retained documents or contents thereof.

15. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other action, nor shall this Protective Order imply that confidential material is properly discoverable, relevant, or admissible in this or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as confidential.

16. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the

designation, and shall specify the testimony being designated confidential by page and line number(s).  Until the expiration of the such thirty- (30-) day period, the entire text of the deposition, including exhibits, shall be treated as confidential under the Protective Order.  In the event that a party inadvertently fails to designate a portion of a deposition transcript as confidential, the party may subsequently make such designation by notifying all other parties, in writing, as soon as practicable, by page and line number(s).

17.     Pursuant to Local Rule 10-5(b), "papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures."  A party seeking to file a confidential document under seal must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and Special Order 109.  Further, any confidential materials that are filed with the Court, and any pleading, motion, or other paper filed with the Court containing or disclosing any such confidential material shall be filed under seal and shall bear the legend:

**"THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION/MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER.  THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT."**

18.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this  action  as Confidential or Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three

court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

      a.   The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      b.   The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

19.    To the extent documents designated confidential are used in depositions, at hearings, or at trial, such documents shall remain subject to the provisions of this Order, along with the transcript pages of the deposition, hearing, or trial testimony that refers to or describes the contents of a document designated confidential.

20.    The production of any document without the word "CONFIDENTIAL" shall not constitute a waiver of the Producing Party's right to designate the document confidential at a later date. If a Producing Party produces a document without the word "CONFIDENTIAL" affixed thereto and later decides to designate the document confidential, the Producing Party shall notify counsel for the Receiving Party in writing and provide counsel for the Receiving Party with replacement documents bearing the word "CONFIDENTIAL." Upon receiving written notice of the designation and the

replacement documents, counsel for the Receiving Party shall treat the newly designated documents as confidential in accordance with this Order.

21.     Inadvertent production of protected document(s) shall not constitute a waiver of the right to make an after-the-fact good faith designation. Upon the discovery of such inadvertent production, the Producing Party shall notify the Receiving Party of the document that it is designated "CONFIDENTIAL".  An after-the-fact designation may be made orally on the record in any deposition, together with any explanation relative to inadvertence or oversight, and shall be honored by all present in the same manner as if originally designated "CONFIDENTIAL."

22.     A Receiving Party may, at any time, challenge the Producing Party's designation of a document as confidential.  The Receiving Party may challenge the designation of specific documents by giving counsel for the Producing Party written notice listing each document the Receiving Party challenges and explaining, briefly, the factual and legal basis for the Receiving Party's belief that the document should not be designated confidential. If the Parties cannot agree on the designation of any document within thirty (30) days after counsel for the Producing Party receives such written notice, the Producing Party has the burden to move the Court to enter an order declaring that the challenged document or documents shall remain designated confidential. If the Producing Party fails timely to move for an order declaring that the document shall remain confidential, that document will no longer have the protections described in this Order for documents designated confidential.

23.     Within thirty (60) days after final termination of this lawsuit (including any appeals), counsel for each Receiving Party shall return all "Confidential" documents

it has received to counsel for the Producing Party  or shall destroy all such information and certify to counsel for the Producing Party that such destruction has occurred. However, counsel for the Receiving Party may retain:

      a.     any attorney work product; and

      b.     copies of any pleadings, motions, briefs, declarations, affidavits, and deposition transcripts that contain, attach, or append documents designated confidential, but only to the extent necessary to preserve a file with respect to this lawsuit.

24.     The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties must not duplicate any stamped confidential document except working copies and for filing in court under seal.

25.     Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

26.     The Court retains jurisdiction over any person subject to this Order for the purposes of enforcing this Order until a final determination of this action, after which time this Order shall continue to be binding as an agreement between the parties.

27.     Any Party may move the Court to modify this Order.

DONE AND ORDERED in Chambers, Las Vegas, Nevada, this 2nd day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

1    AGREED:

2       DATED this <u>26th</u> of April, 2016.      DATED this <u>26th</u> of April, 2016.

3

4    By: <u>_/s/ Jeffrey S. Rugg_____</u>       By: <u>/s/ Robin S. Trupp</u>
      JEFFREY S. RUGG, ESQ.       ROBIN S. TRUPP, ESQ.
      Nevada Bar No. 10978       *(Admitted Pro Hac Vice)*

5       ADAM K. BULT, ESQ.       BRIAN R. CUMMINGS, ESQ.
      Nevada Bar No. 9332       *(Admitted Pro Hac Vice)*

6       BROWNSTEIN HYATT FARBER       MICHAEL E. MARDER, ESQ.
      SCHRECK, LLP       *(Admitted Pro Hac Vice)*

7       100 North City Parkway, Suite 1600       GREENSPOON MARDER, P.A.
      Las Vegas, NV  89106-4614       4012 E. Jackson Street, Suite 1825
      Telephone:  702.382.2101       Tampa, FL 33602

8       Facsimile:    702.382.8135       robin.trupp@gmlaw.com
      Email:  jrugg@bhfs.com

9       Email:  abult@bhfs.com       James E. Smyth II, Esq.
      Nevada Bar No. 6506

10       *Attorneys for Plaintiffs*       KAEMPFER CROWELL
      1980 Festival Plaza Dr., Suite 650

11       Las Vegas, NV  89135
      Telephone:  702.792.7000

12       Facsimile:    702.796.7181
      jsmyth@kcnvlaw.com

13       *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

# EXHIBIT 1

## ENDORSEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, hereby attest to my understanding that information or documents designated "CONFIDENTIAL" are provided to me subject to the Stipulation and Protective Order Regarding Confidential Information dated _____ (the "Protective Order"), in the above-captioned action; that I have been given a copy of and have read and understand the Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Stipulated Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order.

I further agree that I shall not disclose to others except in accord with the Protective Order, any confidential discovery material, in any form whatsoever, and that such confidential discovery material and the information contained therein may be used only for the purposes authorized by the Protective Order.

I further agree and attest to my understanding that any obligation to honor the confidentiality of such discovery material and information will continue even after this action concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of United States District Court for the District of Nevada for the purposes of any proceedings relating to enforcement of the Protective Order.

...

...

...

...

017605\0001\14641693.2

Page 13 of 14

I further agree to be bound by and comply with the terms of the Protective Order as soon as I sign this Agreement, whether or not the Protective Order has yet been entered as an Order of the Court.

DATED this _____ day of _____, 20___.

\_

\_

_____

Signature

_____

Printed Name

Subscribed and sworn to before me this ___ day of _____, 20___.

_____

Notary Public