UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HEATHER ATWELL, HEATHER ATWELL as Trustee of ATWELL FAMILY TRUST, HEATHER ATWELL as Administrator of the Estate of David Atwell, and RESORT PROPERTIES OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WESTGATE RESORTS, INC., WESTGATE RESORTS LTD, CENTRAL FLORIDA INVESTMENTS, INC., WESTGATE LAS VEGAS RESORT LLC, <br><br> Defendants. | Case No. 2:15-cv-02122-RFB-BNW <br><br> **ORDER** |

### I.     INTRODUCTION

Before the Court are Plaintiffs' Motion for Judgment, ECF No. 144, and Defendants' Motion for Judgment, ECF No. 145, and Motion for New Trial, ECF No. 146.

### II.    PROCEDURAL BACKGROUND

Defendants removed this action to federal court on November 15, 2015. ECF No. 1. Plaintiffs filed the Amended Complaint which serves as the operative complaint in this action on November 18, 2016. ECF No. 49. Defendants filed a Motion for Summary Judgment on April 21, 2017. ECF No. 60. Plaintiffs filed a Motion for Partial Summary Judgment on the same day. ECF No. 64. A hearing on those motions was held on March 21, 2018. ECF No. 81. Both motions were denied. ECF No 82. A jury trial was held on October 9-11, 2018 and October 15, 2018. ECF Nos. 127, 128, 131, 132. The jury returned a verdict for Plaintiffs Heather Atwell as Administrator of the Estate of David Atwell and Resort Properties of America, Inc. (RPA) against Defendants

Westgate Las Vegas Resort, LLC and Central Florida Investments, Inc. on both quantum meruit and fraud claims. ECF No. 135. Both parties filed the instant respective Motions for Judgment on November 5, 2018, and Defendants also filed the instant Motion for New Trial on that day. Both parties responded on November 26, 2018. ECF Nos. 147-49. Both parties replied on December 10, 2018. ECF Nos. 150-51.

### III. FACTUAL BACKGROUND

Plaintiffs Heather Atwell, Heather Atwell as Trustee of Atwell Family Trust, Heather Atwell as Administrator of the Estate of David Atwell, and Resort Properties of America, Inc. filed suit against Westgate Resorts Inc., Westgate Resorts LTD., Central Florida Investments, Inc., and Westgate Las Vegas Resort, LLC on November 18, 2016. ECF No. 49. Plaintiffs alleged Westgate contracted with Plaintiffs to provide real estate brokerage services in Clark County and that Plaintiffs contacted owners of several properties, including the Las Vegas Hotel (LVH), but that Plaintiffs were denied a commission for their efforts on the sale of the LVH. Id. at 5-10. Plaintiffs further alleged that Defendants fraudulently misrepresented an interest in buying another property, the Riviera, in an effort to turn Plaintiffs' attention away from the LVH sale, and that Plaintiffs relied on that misrepresentation. Id. at 16-17.

At the close of arguments at trial, the Court dismissed all claims against all Defendants except Central Florida Investments, Inc. and Westgate Las Vegas Resort, LLC. ECF No. 131. Plaintiffs also stipulated to the dismissal of the claims of Heather Atwell, individually. Id. Thus, the remaining Plaintiffs were Heather Atwell both as Administrator of the Estate of David Atwell and as Trustee of the Atwell Family Trust, and RPA. The remaining two claims asserted against Defendants Central Florida Investments, Inc. and Westgate Las Vegas Resort, LLC were quantum meruit and fraud. Id. The jury found in favor of both Plaintiffs against both Defendants, and awarded $375,000 to each Plaintiff from each Defendant, for a total of $1.5 million on the quantum meruit claim. ECF No. 135. The jury also found in favor of both Plaintiffs against both Defendants for the fraud claim, and awarded $250,000 to each Plaintiff from each Defendant, for a total of $1 million. Id.

## IV. LEGAL STANDARD

### A. Rule 58

Federal Rule of Civil Procedure 58 governs entry of judgment. Fed. R. Civ. P. 58. It states, *inter alia*, that "[s]ubject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: (A) the jury returns a general verdict . . . ." Id. at 58(b). "A party may request that judgment be set out in a separate document as required by Rule 58(a)." Id. at 58(d).

### B. Rules 50(b) and 59(a)

Federal Rule of Civil Procedure 50(a) permits a party to move for judgment as a matter of law "at any time before the case is submitted to the jury" "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Rule 50(b) allows a party to renew that motion if not granted "no later than 28 days after the entry of judgment" and include "an alternative or joint request for a new trial under Rule 59 . . . . In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."

Pursuant to Federal Rule of Civil Procedure 59(a), a new trial may be granted in an action in which there has been a trial by jury "for any reason for which a new trial has heretofore been granted in an action at law in federal court." "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)).

Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted . . . . [courts] are thus bound by those grounds that have been historically recognized." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). Such historical grounds include claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving[.]" Montgomery

Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); see also Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000). "[E]rroneous jury instructions, as well as the failure to give adequate instructions, are also bases for a new trial." Murphy, 914 F.2d at 187.

The trial court "is not limited to the grounds a party asserts to justify a new trial, but may sua sponte raise its own concerns about the . . . verdict. Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 762 F.3d 829, 842 (9th Cir. 2014) (citations omitted).

### C. Remittitur

"If the amount of damages awarded [by a jury] is excessive, it is the duty of the trial judge to require a remittitur or a new trial." Linn v. United Plant Guard Workers, 383 U.S. 53, 65–66 (1966). "A remittitur must reflect the maximum amount sustainable by the proof." Oracle Corp. v. SAP AG, 765 F.3d 1081, 1094 (9th Cir. 2014) (quotation omitted).

"When the court, after viewing the evidence concerning damages in a light most favorable to the prevailing party, determines that the damages award is excessive, it has two alternatives. It may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur. The prevailing party is given the option of either submitting to a new trial or of accepting a reduced amount of damage which the court considers justified. If the prevailing party does not consent to the reduced amount, a new trial must be granted. If the prevailing party accepts the remittitur, judgment must be entered in the lesser amount." Fenner v. Dependable Trucking Co., 716 F.2d 598, 603 (9th Cir. 1983).

### V. DISCUSSION

#### A. Defendants' Motions for Judgment and New Trial. ECF Nos. 145, 146

Defendants move for renewed judgment as a matter of law or alternatively for a new trial pursuant to Rules 50(b) and 59; or, in the alternative, seek remittitur. The Court first considers

Defendants' renewed judgment as a matter of law.

                *i.*        ***Renewed Motion for Judgment as a Matter of Law***

Defendants argue that they are entitled to judgment as a matter of law, or in the alternative, a new trial because Plaintiffs offered no or insufficient evidence to support either of their claims for quantum meruit or fraud, and therefore that no reasonable jury could find for Plaintiffs on those claims. Specifically, Defendants argue:

1) Plaintiffs offered no evidence that David Atwell was the procuring cause of the purchase of the LVH or that Plaintiffs otherwise satisfied the necessary prerequisites to claim a real estate commission under Nevada law. Mot. for J. at 15, ECF No. 145.
2) No reasonable jury could find the existence of an employment agreement for the LVH between Atwell or Plaintiffs and Westgate. Id. at 17-18.
3) Unrefuted evidence established that Atwell and Plaintiffs abandoned their claim for a commission for sale of the LVH. Id. at 18-20.
4) The weight of the evidence does not support a verdict for quantum meruit because Plaintiffs did not offer evidence to support damages under that claim, and Plaintiffs were not entitled to receive a commission because RPA was not licensed as a broker in accordance with Nevada law. Id. at 20-22.
5) Plaintiffs did not meet their burden of establishing fraud by clear and convincing evidence. Id. at 22-24.

Defendants further argue that they were unfairly prejudiced when this court limited cross examination of Heather Atwell on the issue of whether RPA was licensed as a broker, id. at 24-25, that Plaintiff's claims should have been barred due to their failure to comply with statutory provisions applicable to the sale of a business in Nevada, id. at 26-8, and that the Court erred in denying Defendants the opportunity to present a novation defense, id. at 28-9.

Plaintiffs counter that many of Defendants' arguments are untimely. Opp'n to Defs.' Mot. for J. at 7, ECF No. 147. Specifically, they assert that Defendants did not argue at the time of their initial motion for judgment as a matter of law at the conclusion of Plaintiffs' case that: 1) the quantum meruit damages are improper because RPA is not a licensed estate or business broker; 2)

Defendants were prejudiced in being prohibited from cross-examining Heather Atwell on the licensing status; 3) Plaintiffs are prohibited from recovery because they did not comply with the law governing licensure of business brokers; and 4) that the Court erred in instructing the jury on the novation defense. Id. at 7-9. Accordingly, Plaintiffs assert that Defendants have waived these arguments for consideration. Id. at 9. Plaintiffs further argue that even if these arguments are timely, and with regard to those arguments that were not waived, substantial evidence supports the jury's finding on the quantum meruit and fraud claims.

The applicable test to determine whether judgment as a matter of law is warranted is "whether 'the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury.'" Estate of Diaz v. City of Anaheim, 840 F.3d 592, 604 (9th Cir. 2016) (quoting White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002) amended on denial of reh'g, 335 F.3d 833 (9th Cir. 2003) (footnote omitted)). "[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150–51 (2000) (internal citations and quotations omitted).

The Court finds that Defendants have waived the arguments identified by Plaintiffs *supra*. "[A] 'party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion.'" OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., 897 F.3d 1008, 1016 (9th Cir. 2018) (quoting Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003)). A review of the transcript of that hearing makes

plain that Defendants did not make the arguments regarding licensure, cross examination, and the novation defense. See Tr. of Proceedings, 131 Jury Trial at 44-79, ECF No. 140. Thus, the Court finds they have been waived.

Yet even if Defendants had not waived these arguments, and in consideration of their remaining arguments, the Court finds that, taking the evidence in the light most favorable to Plaintiffs, the jury had a legally sufficient evidentiary basis to find for Plaintiffs.

Taking each of Defendants' arguments in turn, the Court first finds that there was a legally sufficient evidentiary basis for the jury to conclude that Plaintiffs had established a quantum meruit claim. In the absence of an express contract, a party may be able to recover under the theory of quantum meruit, which is a claim that arises either in contract or for restitution for unjust enrichment. Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 256 (Nev. 2012). A contractual quantum meruit claim may arise if there exists an implied-in-fact contract. Id. "A contract implied-in-fact must be 'manifested by conduct,' [and] . . . "a true contract that arises from the tacit agreement of the parties.'" Id. (citations omitted). "Where unjust enrichment is found, the law implies a quasi-contract, which requires the defendant to pay to plaintiff the value of the benefit conferred. In other words, the defendants make restitution to the plaintiff in quantum meruit." Id. at 257 (citations omitted) (quotation marks omitted). In a claim for collection of a broker's commission, a plaintiff may recovery under quantum meruit if it can be proven that "(1) an employment contract existed, and (2) the broker was the procuring cause of the sale." Atwell v. Southwest Secs., 820 P.2d 766, 768 (Nev. 1991).

Defendants argue Plaintiffs presented no evidence that David Atwell was the procuring cause of the purchase of LVH and that no reasonable jury could find that an employment agreement existed. Yet as Plaintiffs note, there is sufficient evidence in the record to support the jury's finding that Plaintiffs met their burden. The record illustrates that Plaintiffs introduced themselves as Defendants' broker to Goldman Sachs to gauge interest, that at that time Goldman Sachs was considering a potential sale of LVH, and that Plaintiffs first introduced this interest. ECF No. 147 at 15. Furthermore, Defendants misstate the law as it to pertains to Plaintiff's burden under a theory of quantum meruit with regard to the requirements of an employee agreement. The agreement may

be implied in fact, Atwell v. Westgate Resorts, Inc., No. 215CV02122RFBPAL, 2018 WL 1610874, at *5 (D. Nev. Mar. 31, 2018), and Plaintiffs were not obligated to establish evidence of an explicit "offer, acceptance, and meeting of the mind to support existence of an employment agreement," ECF No. 145 at 17. As such, they were not therefore required to provide evidence of a written agreement. Id. The evidence they *did* provide, in the form of David Siegel's testimony that he, *inter alia*, told David Atwell to "find [him] something in Vegas," was enough for the jury to conclude there was an implied employment agreement. ECF No. 147 at 12. Furthermore, Plaintiffs correctly note that the jury was entitled to consider competing evidence to conclude that Plaintiffs were "precluded from consummating the sale," ECF No. 147 at 16, based on misrepresentations, rather than that they "abandoned" their efforts," ECF No. 145 at 18-20. Finally, Plaintiffs' evidence regarding quantum meruit damages was sufficient for the jury to reasonably determine the reasonable value of the services Plaintiffs provided. Plaintiffs put forward testimony that their customary fees are 1% of the purchase price of a given property, id. at 13, and this testimony was bolstered by evidence that Defendants agreed to pay Plaintiffs a 1% commission on the sale of the Riviera, id.

Similarly, the Court finds that a reasonable jury would have a legally sufficient evidentiary basis to find for Plaintiffs on the fraud claim. To prevail on a claim for fraud, a plaintiff must prove each of the following elements by clear and convincing evidence: "1) A false representation made by the defendant; 2) Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation); 3) Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; 4) Plaintiff's justifiable reliance upon the misrepresentation; and 5) Damage to the plaintiff resulting from such reliance." Bulbman, Inc. v. Nev. Bell, 825 P.2d 588, 592 (Nev. 1992). "It is the jury's role to make findings on the factors necessary to establish a fraud claim. Franchise Tax Bd. of Cal. v. Hyatt, 335 P.3d 125, 144 (2014), vacated and remanded sub nom. Franchise Tax Bd. of California v. Hyatt, 136 S. Ct. 1277 (2016) (citing Powers v. United Servs. Auto. Ass'n, 962 P.2d 596, 600–01 (1998)). Courts "will generally not disturb a jury's verdict that is supported by substantial evidence." Id. (citing Taylor v. Thunder, 13 P.3d 43, 46 (2000)). "Substantial evidence is defined as 'evidence that a

reasonable mind might accept as adequate to support a conclusion.'" Id. (citing Winchell v. Schiff, 193 P.3d 946, 950 (2008) (internal quotations omitted)).

Plaintiffs point to evidence in the record illustrating that Defendants' interest in purchasing the Riviera when they could not afford to purchase it, representing an interest in engaging Plaintiffs' Chinese clients in a joint venture on LVH, and Mr. Siegel's representation that he would ask Mr. Shetty to share the commission, all permitted the jury to conclude that a false representation existed. ECF No. 18. Further, Plaintiffs highlight evidence that though Mr. Siegel would ordinarily speak to his Chief Financial Officer before making a $75 million offer (on the Riviera), the Chief Financial Officer had no knowledge of such an offer. Id. Plaintiffs also point to evidence that Defendants could not have purchased both the Riviera and LVH simultaneously and that Shetty was not asked to split the commission to demonstrate that there was sufficient evidence that Defendants had an insufficient basis for making these representations. Id. at 18-9. Plaintiffs also point to evidence that when Plaintiffs pressured Defendants about the LVH dispute, Defendants directed their attention to the Riviera, and that Defendants were in contact on the LVH at this time. Id. at 19. Plaintiffs assert this evidence was sufficient to reasonably conclude Defendants had intent. With regard to reliance, Plaintiffs highlight evidence in the form of Heather Atwell's testimony that she opted not to pursue a written objection with the seller to preclude the closing on the LVH in light of Defendants' assurance they would "make it right." Id. Finally, Plaintiffs point to Heather Atwell's testimony as to "lost customers and opportunities, the mental and physical efforts Plaintiffs put into the property Defendants never intended to purchase (that could have been put towards serving another client), and the emotional impact" of the fraud on her father. Id. at 19-20.

To the extent Defendants offer evidence that contradicts the evidence provided by Plaintiffs on the quantum meruit and fraud claims, the Court disregards it as "evidence favorable to the moving party that the jury is not required to believe." Under the standard established by the Supreme Court in Reeves v. Sanderson Plumbing Products Inc. for a renewed motion for judgment as a matter of law, the Court simply does not weigh the evidence. Plaintiffs have pointed to evidence in the record that a reasonable mind might accept as adequate to support the conclusion

that Defendants committed fraud. In other words, the jury's finding is supported by substantial evidence, and Defendants have consequently failed to meet their burden under Rule 50(b). Accordingly, Defendants' renewed motion for judgment as a matter of law or alternatively for a new trial pursuant to Rules 50(b) and 59 is denied.

### ii.  *Remittitur*

Defendants next argue in the alternative that they are entitled to a remittitur or a new trial because the jury's verdict was excessive and provided Plaintiffs with an impermissible double recovery.

The Nevada Supreme Court has stated that "in actions for damages in which the law has provided no legal rule of measurement, it is the jury's responsibility to determine the amount to be allowed. A court is not justified in granting a new trial on the grounds of excessive damages unless the verdict is so flagrantly improper as to indicate passion, prejudice or corruption in the jury. The court may not invade the province of the jury by arbitrarily substituting what the court feels is a more suitable sum. The mere fact that a verdict is large is not itself indicative of passion and prejudice. Hazelwood v. Harrah's, 862 P.2d 1189, 1192 (Nev. 1993), overruled on other grounds by Vinci v. Las Vegas Sands, Inc., 984 P.2d 750 (1999) (internal quotations omitted) (citations omitted).

Defendants argue that the verdict form impermissibly permitted both RPA and the Estate to receive a double recovery, resulting in an excessive damage award. Defendants assert that the jury's award grants both RPA and the Estate damages under "alternative legal theories against both CFI and Westgate LVR." ECF No. 145 at 7. Instead, they argue Plaintiffs were only entitled to "one damage award, if liability is found, on any or all of the theories asserted against one Defendant. A plaintiff may not recover for the same harm arising from the same facts under multiple alternative theories." Id. Defendants assert Plaintiffs can't recover over the $1.5 million commission because they allege that Plaintiffs have suffered "one and only one alleged harm: the loss of the portion of the commission that Plaintiffs claim should have been shared on the sale of the LVH." Id. at 8. Specifically, Defendants argue that the damages sought for both the quantum

meruit and fraud claims are for the same harm. Id. at 9.

Defendants further argue that there was no evidentiary basis for the verdict's "arbitrary apportionment of damages" under the quantum merit claim because Plaintiffs did not prove that "their services were valuable to the Defendants or prove a reasonably certain way to calculate the value of such services." Id. at 14. Defendants also argue that Plaintiffs are bound by the arguments of counsel during opening statements and closing arguments, as well as through emails entered into evidence, that Plaintiffs were only seeking an award for a portion of the commission, and therefore Plaintiffs have no right to damages greater than the potential amount of the commission. Id. at 9-12.

Finally, Defendants argue the verdict form was confusing and therefore contributed to the excessive award, because it listed multiple plaintiffs and defendants subject to the same claims, id. at 12, and that the Court erred for failing to provide the jury an instruction as to joint and several liability or apportionment of damages, id. Defendants therefore assert that the Court must order a remittitur reducing Plaintiff's total recovery to $375,000 or order a new trial. Id. at 15.

Plaintiffs counter Defendants' argument that the quantum meruit and fraud claims were premised on the same wrongful conduct and legal duties because the claims have different material elements and arise from different legal duties. ECF No. 148 at 7-10. Plaintiffs assert that the quantum meruit claim went to compensation for the value of services rendered in connection with the purchase of LVH, but the fraud claim related to "being diverted from focusing on the LVH to the Riviera, when Defendants had no real interest in the latter." Id. at 9. As such, the claims involve "distinct sets of wrongful conduct by Defendants." Id. Plaintiffs therefore argue that this distinction informed the jury's verdict, which awarded damages for "distinct injuries." Because "fraud damages can encompass both economic and non-economic harms . . . . Plaintiffs' economic damages on their fraud claims could extend to other items beyond the value of their services that have support in the record." Id. at 10-11. Thus, the "physical efforts" Plaintiffs put into procuring the Riviera that could have been put toward other clients, the loss of a client as a result of Defendants' conduct, and the emotional impact of the fraud are all fraud damages not otherwise recoverable under a theory of quantum meruit. Id. at 10-12.

Plaintiffs further argue that Counsel's statements regarding the damage sought do not qualify as "binding admissions" and in any event were a "minimum request." Id. at 13-14. Finally, Plaintiffs argue that Defendants waived any objections to the verdict form for failing to object to the form during trial, id. at 14-17, and that even if there was no waiver, the form did not contribute to an excessive damages award, id. at 17-19.

The Court finds that the damages awarded were not "so flagrantly improper as to indicate passion, prejudice or corruption in the jury." With regard to the quantum meruit claim, the jury awarded Plaintiffs the full value of the commission. See ECF No. 135 at 1-2. The total value of the award to both Plaintiffs from both Defendants was $1.5 million—the same value that Plaintiffs argued at trial was 1% of the sale price of LVH, or, in other words, the value of the commission. Indeed, the evidence adduced at the trial indicated that this approximate amount had been paid to another broker. The jury was entitled to find that the reasonable value of Plaintiffs' services was the full value of the commission, and the award reflects that sum.

With regard to the fraud claim, Defendants have failed to appreciate that damages for fraud are broader than merely the value of the commission, as damages resulting from reliance on a misrepresentation may encompass more than the reasonable value of the services rendered, if the harm itself extended beyond the benefits lost under the quasi-contract. See, e.g., Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 958 (Nev. 1998) (upholding damages award for noneconomic compensatory damages). As discussed *supra*, there was substantial evidence for the jury to find for Plaintiffs on the fraud claim, and the $1 million award may account for the economic and non-economic damages Plaintiffs suffered. The jury heard evidence that the Defendants had intentionally misdirected Plaintiffs to pursue a purchase which was never intended to be consummated by the Defendants and that the Plaintiffs had expended human capital and reputational resources to pursue this false trail. They further heard evidence that Mr. Atwell was gravely ill and that Defendants' actions and failure to pay essentially took advantage of his inability to advocate for his own interests due to his illness. The jury found for the Plaintiff's on the fraud claim so they clearly found that the Defendants had engaged in the conduct alleged by the Defendants and considered the evidence of these noneconomic damages unrelated to the specific

commission amount.

The jury is entitled to render a value based on the damages suffered by Plaintiffs. The Court cannot and will not substitute its own judgment. The Court does not find that the damages awarded were "so flagrantly improper as to indicate passion, prejudice or corruption in the jury," and as such, does not find they were excessive. The Court does not therefore consider the parties' other arguments and denies the motion for remittitur.

Additionally, the Court finds that Defendants waived any right to challenge the verdict form in this case. When presented with the Court's verdict form, the Defendants did not object to the form. <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1109–10 (9th Cir. 2001). By waiting until post-trial briefing, Defendants waived any challenge to the verdict form. <u>Id.</u>

### VI. CONCLUSION

For the reasons stated above,

**IT IS THEREFORE ORDERED** that Defendants' Motions for Judgment and a New Trial (ECF Nos. 145, 146) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judgment (ECF No. 144) is **GRANTED**.

The Clerk of Court is instructed to close this case.

DATED: <u>September 28, 2019</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**